FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 31 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUQUANA McGRIFF,

                Plaintiff,

v.

CITY OF NEW YORK POLICE DEPARTMENT;
and RICHARD NAPOLITANO,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-4128 (WFK) (SJB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 16, 2018, plaintiff Luquana McGriff, appearing *pro se*, filed this action alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, against her employer, the New York City Police Department ("NYPD"), and Richard Napolitano. The Court directs Plaintiff to file an amended complaint as set forth below.

## BACKGROUND

Plaintiff, employed by the NYPD and currently on disability leave, has utilized the Court's form for employment discrimination actions. She has checked off Title VII and the ADA as the basis for jurisdiction and states that her employer discriminated against her based on her race, color and gender. *See* Compl. at 3, 5, ECF No. 1[1]. In Plaintiff's statement, she alleges that since August 2015, she has suffered discrimination, harassment, a hostile work environment and retaliation by the NYPD, her coworkers, and Richard Napolitano. *Id.* at 5-6.

---

[1] The Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

1

Specifically, plaintiff alleges that she was denied a transfer and "different jobs within [her] command," and that her employer's actions have caused her stress. Compl. at 6-7. Plaintiff seeks unspecified compensation for pain and suffering. On April 16, 2018 and May 9, 2018, the Equal Employment Opportunity Commission issued two separate Dismissals and Notice of Rights. *Id.* at 9-10.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard is necessarily "less stringent" in the context of *pro se* litigants, whose complaints the Court is required to construe liberally and interpret as raising the strongest arguments they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). A *pro se* litigant should generally be granted leave to amend her complaint at least once, "when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (citation and internal quotation marks omitted).

## DISCUSSION

Title VII

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). In the Title VII context, "at the initial stage of the litigation . . . the plaintiff does not need substantial evidence of discriminatory intent," and need only "sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."). "[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation." *Vega*, 801 F.3d at 84 (citation and internal quotation marks omitted). Nevertheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (alterations and internal quotation marks omitted).

Here, even under the most liberal interpretation of Plaintiff's allegations, she provides no facts that could possibly connect or link any adverse action to a protected status nor has Plaintiff provided any facts that would suggest an inference of discriminatory motivation. At present, Plaintiff's allegations do not state any facts to support a violation of Title VII. Although Plaintiff alleges that she is an African-American woman, she fails to provide facts to show that she was

3

discriminated because of her race, color or gender. Plaintiff's claims of discrimination and harassment are conclusions that need to be supported by facts. Therefore, Plaintiff fails to state a claim under Title VII pursuant to 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff may amend her complaint if she has a good faith basis to proceed on her Title VII claim.

Retaliation

Title VII also provides that "it shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). In order to establish a *prima facie* case of retaliation, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn*, 795 F.3d at 315-16 (internal quotation marks omitted). Protected activity includes actions taken to report or oppose unlawful discrimination, including complaints of discrimination to the employer and the filing and pursuit of administrative charges. *See Cruz v. Coach Stores Inc.*, 202 F.3d 560, 566 (2d Cir. 2000), *superseded by statute on other grounds,* Local Civil Rights Restoration Act, N.Y.C. Local L. No. 85.

However, complaints about "just any law" will not suffice; plaintiff must "have had a good faith, reasonable belief that [she] was opposing an employment practice made unlawful by Title VII." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (internal quotation marks and citations omitted). Vague or ambiguous complaints will not suffice, the employer should "reasonably have understood[ ] that the plaintiff's complaint

4

was directed at conduct prohibited by Title VII." *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011) (alteration and citation omitted); *see also Bowen-Hooks v. City of New York*, 15 F. Supp. 3d 179, 222 (E.D.N.Y. Mar. 31, 2014) (Brodie, J.) (citing cases).

Although Plaintiff alleges that she filed a case with the Human Rights Division, which is a protected activity, Compl. at 5, and that she is "being blackballed," *id.* at 6, she fails to allege retaliatory conduct that occurred based on her filing a case with the Human Rights Division. Plaintiff's allegations that she was denied a transfer and that her applications for different jobs have been unsuccessful alone are not sufficient. For example, Plaintiff fails to provide the date she filed with the Human Rights Division and the dates of any conduct that could be interpreted as retaliation. As currently presented, Plaintiff fails to state a retaliation claim under Title VII pursuant to 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff may amend her complaint if she has a good faith basis to proceed on her retaliation claim under Title VII.

ADA

The ADA provides that "no covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees . . . and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a). At the pleading stage, to state a claim of employment discrimination under the ADA, a plaintiff must plausibly allege that (1) her employer took an adverse action against her, and (2) the action was taken because of her disability or perceived disability. *See Giambattista v. Am. Airlines, Inc.*, 584 F. App'x 23, 25 (2d Cir. 2014). Plaintiff is not required to plead a *prima facie* case, but only give "plausible support to a minimal inference of discriminatory motivation." *Vega*, 801 F.3d at 84 (citation omitted). Here, it is unclear whether Plaintiff intended to file a

claim under the ADA. Although Plaintiff checks off the ADA statute, she neither specifies her disability nor alleges that she was discriminated based on her disability. Compl. at 5. Rather, Plaintiff alleges that she suffered harassment while "out on disability." *Id.* at 6.

Therefore, Plaintiff fails to state a claim under the ADA pursuant to 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff may amend her complaint if she has a good faith basis to proceed on her disability discrimination claim under the ADA and she presented this claim to the EEOC when filing her charge of discrimination. *See Hamzik v. Off. for People with Dev. Disabilities*, 859 F. Supp. 2d 265, 277 (N.D.N.Y. 2012) (Hurd, J.) ("Before commencing an action in federal court alleging violations of Title VII . . . and the ADA, a plaintiff must first file a timely charge with the EEOC.").

Individual Liability

Plaintiff is also advised that Richard Napolitano is not a proper defendant in this federal employment discrimination action. Neither Title VII nor the ADA permit the imposition of liability on individual employees; rather, only the employer may be named. *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (stating that Title VII does not create liability in individual supervisors); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (per curiam) (holding that retaliation provision of the ADA does not provide for individual liability). Therefore, Plaintiff fails to state a claim against defendant Richard Napolitano under Title VII or the ADA pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **CONCLUSION**

Accordingly, in light of Plaintiff's *pro se* status, the Court directs Plaintiff to file an amended complaint within 30 days from the entry of this Memorandum and Order.

In the amended complaint, Plaintiff should provide facts to support a plausible claim that defendant NYPD violated Title VII and the ADA. All further proceedings shall be stayed for 30 days. If Plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 18-CV-4128 (WFK) (SJB). The amended complaint shall replace the original complaint. Plaintiff may attach, as an exhibit, a copy of the charge filed with the Equal Employment Opportunity Commission or any other documents in support of her claims, if available. If Plaintiff fails to file an amended complaint within the time allowed or show good cause why she cannot comply, the complaint shall be dismissed for the reasons set forth herein. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
July 30, 2018